UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW C. TORNQUIST,<br><br>    Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>    Defendants. | 5:19-CV-05065-JLV<br><br>ORDER TO SHOW CAUSE |

**INTRODUCTION**

This matter is before the court on the *pro se* petition of Matthew Tornquist seeking habeas relief pursuant to 28 U.S.C. § 2254. See Docket No. 1. Now pending is the respondents' motion to dismiss Mr. Tornquist's petition without holding an evidentiary hearing. See Docket No. 5. Respondent asserts Mr. Tornquist has procedurally defaulted his claims. See Docket No. 6.

Mr. Tornquist has not filed any response in opposition to respondent's motion. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of the Honorable Jeffrey L. Viken, Chief United States District Judge.

**DISCUSSION**

Mr. Tornquist's state court conviction became final approximately March 7, 2016. He filed a habeas petition before the South Dakota state courts on November 30, 2017. This was an interval of greater than one year (approximately 21 months).

Mr. Tornquist's § 2254 habeas petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA contains a one-year statute of limitations providing as follows:

> **(d)** **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest ofC
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir.

3

2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

The one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances. Holland,

4

560 U.S. at 649-50. Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805). The burden is on the petitioner to show grounds for equitable tolling. Holland, 560 U.S. at 649-50.

Here, Mr. Tornquist's AEDPA statute of limitations would have begun running on March 7, 2016, when his conviction became final (90 days after the South Dakota Supreme Court affirmed his conviction on direct appeal). Mr. Tornquist's limitations period appears to have run out, barring equitable tolling, on March 7, 2017. He did not file his state habeas petition until November 30, 2017, *after* the time the AEDPA limitations period had already run. Therefore, Mr. Tornquist's filing of his state habeas petition could not statutorily toll the running of the already-expired AEDPA statute of limitations.

The Court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 547 U.S. 198, 209 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id. Accordingly, the Court will order the parties to show cause why this federal petition should not be dismissed as untimely.

## CONCLUSION and ORDER

With the above general principles in mind,

IT IS ORDERED that both parties shall submit briefs no later than November 25, 2019, explaining both the law and the facts as to why Mr. Tornquist's § 2254 petition should not be dismissed as untimely.

**Petitioner Matthew Tornquist is hereby notified that failure to respond to this order to show cause may result in his § 2254 petition being dismissed with prejudice as untimely.**

DATED this 23rd day of October, 2019.

BY THE COURT:

*(signature)*

VERONICA L. DUFFY
United States Magistrate Judge